United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-10513
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**ALFONSO ANILE,**

Defendant-Appellant.

**Appeal from the United States District Court
for the Northern District of Texas
(4:03-CR-249-1-Y)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alfonso Anile pleaded guilty to one count of aiding and abetting the false representation of a Social Security account number in violation of, inter alia, 42 U.S.C. § 408(a)(7)(B) (false representation of a Social Security number to tax authorities). Anile was sentenced to 21 months in prison, to be followed by three years of supervised release. He appeals both his conviction and sentence, claiming: the district court erred in denying his motion to suppress statements made to Internal Revenue Service Agents; the Government breached the plea agreement; he improperly received only

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

two points of a maximum three-point reduction in the Sentencing Guidelines for acceptance of responsibility; there was insufficient evidence to justify including the tax loss as relevant conduct to his offense; and the sentencing increase imposed, based on relevant conduct, is impermissible under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738, 755-56 (2005).

Concerning the statements to IRS Agents, Anile contends they did not advise him of his rights as required by IRS regulations. The district court found: no technical violation of the IRS manual; and Agents did not engage in bad faith, fraud, trickery, or deceit. *See United States v. Caldwell*, 820 F.2d 1395, 1399 (5th Cir. 1987). Factual findings following a pre-trial hearing on a suppression motion are reviewed only for clear error. *E.g.*, *United States v. Mendoza-Gonzalez*, 318 F.3d 663, 666 (5th Cir.), *cert. denied*, 538 U.S. 1049 (2003). Anile has presented no evidence to undermine the factual finding and has not shown the district court erred in denying his motion to suppress.

Anile also maintains the Government breached its plea agreement to recommend that the district court not consider any tax loss in sentencing him when it did not object to the district court's so doing. Anile did not object to the alleged breach to the district court; therefore, review is for plain error only. *E.g.*, *United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001).

2

To demonstrate plain error, Anile must show a clear or obvious error that affected his substantial rights; even then, we have discretion to correct it. *E.g.*, **United States v. Olano**, 507 U.S. 725, 733-34 (1993). The record contains nothing to suggest the district court would have ruled differently on the tax-loss issue had the Government complied with Anile's asserted understanding of the plea agreement. He has not demonstrated plain error.

Anile next contends: he should have received the maximum three-point reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(b); and § 3E1.1 is unconstitutional because it violates the separation of powers doctrine. Because Anile raised none of his current contentions in district court, they are reviewed for plain error only. **Olano**, 507 U.S. at 731-37. Anile cites no authority for limiting, either on statutory or constitutional grounds, the Government's discretion in filing a motion for acceptance of responsibility. Anile has failed to show plain error.

Anile next maintains there was no evidence to support including the tax loss as relevant conduct to his offense of conviction. The district court's findings of fact in application of the Sentencing Guidelines are reviewed only for clear error. **United States v. Villanueva**,___F.3d___, 2005 WL 958221, at *9 (5th Cir. 27 April 2005); **United States v. Anderson**, 174 F.3d 515, 526 (5th Cir. 1999). Anile has not shown that the district court's factual finding (Anile knew the purpose of the cash payments to

3

employees) was implausible.  Nor has Anile shown the district court clearly erred in increasing his offense level based on the relevant conduct of tax evasion.  *Anderson*, 174 F.3d at 526.

Anile has not established plain error with regard to his *Blakely/Booker* claim because he has not established that his sentence, imposed under the mandatory guidelines scheme, affected his substantial rights.  Restated, the record does not indicate the district court "would have reached a significantly different result" under a sentencing scheme in which the guidelines were advisory only. *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005), *petition for cert. filed*, No. 04-9517 (U.S. 31 March 2005); *United States v. Akpan*, __F.3d__, No. 03-20875, 2005 WL 852416, *13 (5th Cir. 14 April 2005).

*AFFIRMED*